UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARLA Y. SOUSA, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>7-ELEVEN, INC.,<br><br>Defendant. | Case No.: 19-CV-2142 JLS (RBB)<br><br>**ORDER (1) DENYING DEFENDANT'S MOTION TO DISMISS; (2) DENYING DEFENDANT'S MOTION TO STRIKE; AND (3) DENYING DEFENDANT'S MOTION TO STAY**<br><br>(ECF No. 8) |

Presently before the Court is Defendant 7-Eleven, Inc.'s Motion to Dismiss or Strike Plaintiff's Complaint, or in the Alternative, to Stay Action (ECF No. 8). Plaintiff filed a Response in Opposition to Defendant's Motion, ("Opp'n," ECF No. 12), and Defendant filed a Reply, ("Reply," ECF No. 13). For the reasons stated below, the Motion is **DENIED**.

**BACKGROUND**

This is a putative class action arising from Defendant allegedly sending unsolicited text messages to the cell phones of Plaintiff and putative class members without prior express consent. Compl., ¶¶ 1–3, 18–21, 24, ECF No. 1. Plaintiff claims that Defendant used a short message service ("SMS") short code to mass transmit text messages to a

nationwide list of cellular telephone numbers. *Id.* ¶ 21. On or about October 31, 2019, Plaintiff received a text from Defendant which read: "Reply with your Zipcode to confirm opt-in for auto dialed marketing txt msgs from 7-Eleven to this mobile #. Consent not required to buy goods/service." *Id.* ¶¶ 19–20. Plaintiff claims that she suffered harm from the telephone and electrical charges, aggravation, nuisance, and invasion of privacy. *Id.* ¶ 27.

Based on these allegations, Plaintiff asserts claims for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. *Id.* ¶¶ 39–46. Plaintiff asserts these claims on behalf of herself and a putative class defined as:

> All persons within the United States who received a non-emergency text message from 7-Eleven, or their agents, to a cellular telephone through the use of an automatic telephone dialing system within four years to the filing of this Complaint.

*Id.* at ¶ 29. Plaintiff seeks actual damages, statutory damages, injunctive and declaratory relief, and attorneys' fees and costs. *Id.* ¶¶ 41–42, 45–46.

## ANALYSIS

### I.   Specific Personal Jurisdiction

Defendant argues that this Court lacks personal jurisdiction with respect to the out-of-state putative class members. MTD at 6. Defendant claims the Fourteenth Amendment due process clause limitations recognized by the United States Supreme Court in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773 (2017), apply to class actions in federal court. *Id.* Therefore, this Court must consider what effect, if any, *Bristol-Myers* has on a plaintiff's ability to bring a putative class action on behalf of a nationwide class against a defendant subject only to specific personal jurisdiction.

#### A.   *Legal Standard*

Federal Rule of Civil Procedure 12(b)(2) governs dismissal for lack of personal jurisdiction. When a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate.

*Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). Where, as here, the motion is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts," *id.*, and the court "only inquire[s] into whether [the plaintiff's] pleadings and affidavits" are sufficient to make that showing, *Caruth v. Int'l. Psychoanalytical Ass'n*, 59 F.3d 126, 128 (9th Cir. 1995). Although the plaintiff cannot "simply rest on the bare allegations of its complaint," *Amba Marketing Sys., Inc. v. Jobar Int'l., Inc.*, 551 F.2d 784, 787 (9th Cir. 1977), uncontroverted allegations in the complaint are taken as true, *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996).

"Personal jurisdiction over a nonresident defendant is tested by a two-part analysis. First, the exercise of jurisdiction must satisfy the requirements of the applicable state long-arm statute. Second, the exercise of jurisdiction must comport with federal due process." *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1404–05 (9th Cir. 1994). California's long-arm statute, California Code of Civil Procedure § 410.10, allows courts to "exercise jurisdiction on any basis not inconsistent with the Constitution of [California] or of the United States." This provision "allows courts to exercise jurisdiction to the limits imposed by the Due Process Clause of the U.S. Constitution." *Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 863 (9th Cir. 2003).

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)). "[T]he test for personal jurisdiction requires that 'the maintenance of the suit . . . not offend traditional notions of fair play and substantial justice.'" *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702–03 (1982) (internal quotation marks omitted) (ellipsis in original) (quoting *Int'l Shoe*, 326 U.S. at 316).

The required minimum contacts depend on whether the plaintiffs assert the court has "general" or "specific" personal jurisdiction over the defendant. Plaintiff asserts that this

Court has specific jurisdiction over Defendant. Opp'n at 4. Specific jurisdiction requires a more focused showing that the plaintiff's claims arise from or relate to the defendant's conduct within the jurisdiction. *Helicopteros Nacionales de Columbia*, S.A. v. Hall, 466 U.S. 408, 414 (1984). There are three requirements for a court to exercise specific jurisdiction over a nonresident defendant:

> (1) The nonresident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1485 (9th Cir. 1993). "The plaintiff bears the burden of satisfying the first two prongs of the test." *Schwarzenegger*, 374 F.3d at 802. If the plaintiff meets that burden, "the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (quoting *Burger King*, 471 U.S. at 476–78).

### B.  Analysis

Defendant does not dispute personal jurisdiction as to Plaintiff, a California resident, or the putative class members who reside in California or received messages from Defendant in California. MTD at 1. However, Plaintiff seeks to represent a nationwide class of persons who received text messages from Defendant. Compl. ¶¶ 1, 29. Defendant argues that this Court cannot exercise specific personal jurisdiction with respect to claims Plaintiff seeks to bring on behalf of nonresident putative class members who did not receive text messages from Defendant in California. MTD at 1, 5–6. To undermine Plaintiff's ability to plead a nationwide class, Defendant seeks to apply *Bristol-Myers* to the present action. *See id.* at 6. To better understand Defendant's argument, it is helpful to briefly summarize *Bristol-Myers*.

In *Bristol-Myers*, a group of consumers brought a mass tort action against the defendant pharmaceutical company in California state court, alleging injuries from the use of the defendant's drug.  137 S. Ct. at 1778.  The 678 plaintiffs included 86 California residents and 592 non-California residents from other states. *Id.*  Although the nonresident plaintiffs were not prescribed the drug in California, injured in California, or treated for their injuries in California, *id.*, and the drug was not manufactured, labeled, or packaged in California, *id.* at 1778, the California Supreme Court found specific personal jurisdiction to exist, *id.* at 1778–79.  The United States Supreme Court reversed. *Id.* at 1781.  The Court employed a "straightforward application . . . of settled principles of personal jurisdiction," *id.* at 1783, and held specific jurisdiction over a claim can only be exercised if there is an "affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State," *id.* at 1781 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).  The Court expressly reserved the question whether its holding extended to the federal courts at all. *Id.* at 1784 ("[S]ince our decision concerns the due process limits on the exercise of specific jurisdiction by a State, we leave open the question whether the Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court.").

In the absence of a Ninth Circuit case addressing the issue, the Court looks to the Seventh Circuit, which recently held that *Bristol-Myers* only applies to a class action's named representatives, not the unnamed class members. *Mussat v. IQVIA, Inc.*, 953 F.3d 441, 447 (7th Cir. 2020) ("We see no reason why personal jurisdiction should be treated any differently from subject-matter jurisdiction and venue: the named representatives must be able to demonstrate either general or specific personal jurisdiction, but the unnamed class members are not required to do so.").  This Court joins "most of the courts that have encountered this issue," *Chernus v. Logitech, Inc.*, No. CV 17-673(FLW), 2018 WL 1981481, at *7 (D.N.J. Apr. 27, 2018) (collecting cases), and follows *Mussat* to conclude that *Bristol-Myers* does not apply to unnamed class members in a putative federal class action.

Alternatively, the Court finds that *Bristol-Myers* is distinguishable for two reasons. First, unlike the present class action, *Bristol-Myers* was a mass tort action. *See* Cal. Civ. Proc. Code § 404 ("When civil actions sharing a common question of fact or law are pending in different courts, a petition for coordination may be submitted . . . [and] a judge [may] determine whether the actions are complex, and if so, whether coordination of the actions is appropriate . . . ."). In a mass tort action, each plaintiff is a real party in interest named in the complaint and has individual claims with distinct damages. *See* Fed. R. Civ. P. 23 advisory committee's note to 1966 amendment ("A 'mass accident' resulting in injuries to numerous persons is ordinarily not appropriate for a class action because of the likelihood that significant questions, not only of damages but of liability and defenses of liability, would be present, affecting the individuals in different ways."). In contrast, a class action is brought by one or more plaintiffs in a representative capacity on behalf of a group of similarly situated individuals. The "named plaintiffs" are the only plaintiffs actually named in the complaint. *See* Fed. R. Civ. P. 23; *see also Molock v. Whole Foods Mkt., Inc.*, 297 F. Supp. 3d 114, 126 (D.D.C. 2018) (denying motion to dismiss based on differences between class actions and mass tort actions); *Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc.*, No. 17-CV-00564 NC, 2017 WL 4224723, at *5 (N.D. Cal. Sept. 22, 2017) (distinguishing class actions and mass tort actions in the application of *Bristol-Myers*).

Defendant argues that "[i]f the nonresidents' claims in *Bristol-Myers* could not proceed on the theory that aggregation with the resident plaintiffs' claims through joinder established personal jurisdiction, there is no reason why the combination of such claims in a class action (which is merely another form of joinder) should be treated differently." MTD at 9. This Court disagrees. Unlike the multitude of named plaintiffs with distinct claims in *Bristol-Myers*, here there is only a single action between Plaintiff and Defendant. While Plaintiff may end up representing the claims of a class, this is distinguishable from a mass action where independent suits with independent parties in interest are joined for trial. *See Devlin v. Scardelletti*, 536 U.S. 1, 2 (2002) ("[N]onnamed class members . . .

may be parties for some purposes and not for others."). To apply *Bristol-Myers* to unnamed class members in a purported nationwide class action would limit certification to only those states where the defendant is subject to general personal jurisdiction. *Allen v. ConAgra Foods, Inc.*, No. 3:13-CV-01279-WHO, 2018 WL 6460451, at *7 (N.D. Cal. Dec. 10, 2018), *on reconsideration*, No. 3:13-CV-01279-WHO, 2019 WL 5191009 (N.D. Cal. Oct. 15, 2019) ("[T]he [*Bristol-Myers*] Court could not have intended, in a sideways manner, to so drastically alter class action plaintiffs' ability to choose their forum.").

Second, to qualify for class action treatment under Fed. R. Civ. P. 23, an action must meet additional due process requirements that are not applicable in the *Bristol-Myers* mass tort context. *In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, No. MDL 09-2047, 2017 WL 5971622, at *14 (E.D. La. Nov. 30, 2017) ("Often, mass torts cannot qualify for class action treatment because they are unable to satisfy these standards [of Rule 23] . . . ."); *Morgan v. U.S. Xpress, Inc.*, No. 3:17-CV-00085, 2018 WL 3580775, at *5 (W.D. Va. July 25, 2018) ("Rule 23's requirements (numerosity, commonality, typicality, adequacy of representation, predominance, and superiority) 'supply due process safeguards not applicable in [*Bristol-Myers Squibb*'s] mass tort context.'" (alterations in original) (quoting *Molock*, 297 F. Supp. 3d at 114)). Defendant argues that "Rule 23 cannot deny a party its substantive rights, and a defense based on personal jurisdiction, which is grounded in due process, is a substantive right." MTD at 9. Defendant is correct in so far as it is entitled to raise a personal jurisdiction defense; however, that defense is limited to the named Plaintiff. In contrast to plaintiffs in a mass tort action, who may assert widely differing claims, Rule 23 requires, among other things, that the representative plaintiff's claims are common and typical of the class. Fed. R. Civ. P. 23(a) ("One or more members of a class may sue or be sued as representative parties on behalf of all members only if . . . there are questions of law or fact common to the class; [and] the claims or defenses of the representative parties are typical of the claims or defenses of the class . . . .") Therefore, unlike in a mass action, the class action defendant will be "presented with a unitary, coherent claim to which it need respond only with a unitary, coherent defense." *Sanchez v. Launch Tech. Workforce Sols.*,

*LLC*, 297 F. Supp. 3d 1360, 1366 (N.D. Ga. 2018). To apply *Bristol-Myers* to the unnamed plaintiffs would not provide the defendants any additional due process clause protections not already afforded by Rule 23.

Based on the foregoing, unnamed class members are not "parties" for purposes of assessing personal jurisdiction over Defendant, and this Court declines to extend *Bristol-Myers* to unnamed class members in a putative class action. Applying *Bristol-Myers*' "settled principles of personal jurisdiction," 137 S. Ct. at 1783, requires this result. Accordingly, Defendant's Motion to Dismiss for lack of personal jurisdiction is **DENIED**.

## II. Motion to Strike

Defendant requests the Court strike or dismiss portions of Plaintiff's nationwide class allegations as "overly broad and improper." MTD at 11. Defendant argues Plaintiff's class definition should be stricken because the allegations "(1) include individuals who consented to receiving text messages and (2) include both marketing and non-marketing text messages." *Id.*

### A. Legal Standard

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994)).

"Motions to strike are 'generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice.'" *Cortina v. Goya Foods, Inc.*, 94 F. Supp. 3d 1174, 1182 (S.D. Cal. 2015) (quoting *Rosales v. Citibank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001)). "[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Colaprico v. Sun Microsys., Inc.*, 758 F. Supp. 1335, 1339 (N.D.

Cal. 1991). "When ruling on a motion to strike, this Court 'must view the pleading under attack in the light most favorable to the pleader.'" *Id.* (citing *RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 561 (C.D. Cal. 2005)).

### B.     Analysis

A preemptive motion to deny class certification—for example, in a motion to dismiss or strike—is permissible, as "[n]othing in the plain language of Rule 23[] either vests plaintiffs with the exclusive right to put the class certification issue before the district court or prohibits a defendant from seeking early resolution of the class certification question." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 939, 940, 942–43 (9th Cir. 2009). Indeed, "[d]istrict courts have broad discretion to control the class certification process and whether or not discovery will be permitted . . . ." *Id.* at 942 (internal quotation marks, brackets, and citation omitted). "Where the necessary factual issues may be resolved without discovery, it is not required." *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975).

However, it is rare to strike the class definition at such an early stage in the proceeding. *Cholakyan v. Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220, 1245 (C.D. Cal. 2011) ("[I]t is in fact rare to [strike class allegations] in advance of a motion for class certification."); *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007) ("[T]he granting of motions to dismiss class allegations before discovery has commenced is rare."). In most cases, evidence is required to support a motion for class certification, thus necessitating discovery. *See, e.g.*, *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345–46 (2011). "[T]he propriety of a class action cannot be determined in some cases without discovery and . . . the better and more advisable practice . . . is to afford the litigants an opportunity to present evidence as to whether a class certification [is] maintainable." *Vinole*, 571 F.3d at 942 (internal quotation marks and citations omitted). For example, a motion to strike class allegations was properly granted when the "[p]laintiffs were provided with adequate time in which to conduct discovery related to the question of class certification" and "considerably more information was available to the

district court when it ruled on the motion to deny certification than just the pleadings." *Id.* at 942–43. Indeed, "[t]o deny discovery in [such cases] would be an abuse of discretion." *Kamm*, 509 F.2d at 210.

In the present case, Defendant has not filed an answer, the Court has not issued a scheduling order for discovery or class certification purposes, the Parties have not conducted any class-related discovery, and a motion for class certification is not presently before the Court. *Silcox*, 2014 WL 7335741, at *9 (denying motion to strike class allegation because the defendant had not answered, the parties had not conducted discovery, and the plaintiff had not moved for class certification). "[A] motion for class certification is a more appropriate time to consider the class allegations in Plaintiff's complaint." *Silcox v. State Farm Mut. Auto. Ins. Co.*, No. 14CV2345 AJB MDD, 2014 WL 7335741, at *9 (S.D. Cal. Dec. 22, 2014); *Thorpe v. Abbott Labs., Inc.*, 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008) ("Motions to strike class allegations are disfavored because a motion for class certification is a more appropriate vehicle for the arguments."). Given the early stage of the proceedings, the Court finds that Defendant's motion to strike Plaintiff's class allegations is premature. *See Sutcliffe v. Wells Fargo Bank*, N.A., No. C–11–06595 JCS, 2012 WL 4835325, at *4 (N.D. Cal. Oct. 9, 2012) ("[T]he district court has broad discretion as to *when* to address whether a class should be certified and the adequacy of a class definition." (emphasis in original)).

The Court will defer its decision regarding the propriety of Plaintiff's class definition. Plaintiff must be allowed an adequate opportunity to conduct formal discovery in support of class certification. If Plaintiff's class definition were to require clarification, Plaintiff should be given the opportunity to make the case for certification in a later motion where such issues can be evaluated by the Court in their entirety. *See Guy v. Toys R US*, No. 16-CV-2224-AJB-JMA, 2017 WL 2230146, at *3 (S.D. Cal. May 22, 2017) (acknowledging potential issues with the class definition, but denying motion to strike so the plaintiff can make a case for certification in a motion for class certification); *Cole v. Asurion Corp.*, No. CV 06–6649PSGJTLX, 2008 WL 5423859, at *14 (C.D. Cal. Dec. 30,

2008) ("[T]he Court is reluctant to preemptively deny Plaintiff at least the opportunity to present a motion for class certification.").

Accordingly, Defendant's Motion to Strike is **DENIED** as premature.

### III. Motion to Stay

Defendant requests the Court stay the present action pending the outcome of the Ninth Circuit ruling in *Moser v. Health Ins. Innovations, Inc.*, No. 17-CV-1127-WQH-KSC, 2019 WL 3719889, at *1–*2 (S.D. Cal. Aug. 7, 2019), *appeal filed*, No. 19-80111 (9th Cir. Aug. 21, 2019). MTD at 14. Defendant argues that the Ninth Circuit's decision in *Moser* "will likely determine the scope of this Court's jurisdiction over non-resident class members" and will determine "whether *Bristol-Myers* applies to class actions in federal court." *Id.* at 16.

#### A.   Legal Standard

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In the interests of judicial economy, a court may grant a stay pending the outcome of other legal proceedings related to the case. *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979). When determining whether to stay an action, a court must weigh competing interests that the granting or denial of a stay will affect, including: (1) "the possible damage which may result from the granting of a stay;" (2) "the hardship or inequity which a party may suffer in being required to go forward;" and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55). "If there is even a fair possibility that the stay for which [the movant] prays for will work damage to someone else," the movant "must make out a clear case of hardship or inequity in being required to go forward." *Id.* (quoting *Landis*, 299 U.S. at 255). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*,

299 U.S. at 255).

### B. Analysis

This Court finds the possible impact of *Moser* speculative because the Ninth Circuit is unlikely to resolve the issue currently before this Court. In *Moser*, the defendants waived the *Bristol-Myers* argument at the trial court level. *Moser*, 2019 WL 3719889, at *5.

Although the *Bristol-Myers* argument is presented again on appeal, Brief for Petitioner at 1, *Moser*, No. 19-80111 (9th Cir. Aug. 21, 2019), the Ninth Circuit is unlikely to decide the issue because it was not substantively addressed by the trial court, *see Lopez v. Pompeo*, 923 F.3d 444, 450 (5th Cir. 2019) (Ho, J., concurring) ("[A]s we have repeatedly observed, we are a court of review, not first view."). Because it is unlikely the Ninth Circuit will resolve the issue, a stay would needlessly delay the present action. *Daniel v. Lennar Corp.*, No. 819CV00452JLSDFM, 2020 WL 5356708, at *4 (C.D. Cal. June 29, 2020) (denying the defendant's motion to stay in TCPA class action based on the speculative nature of the possible impact of *Moser* in resolving the application of *Bristol-Myers*).

Even where, unlike here, the other action in all likelihood will settle many issues of law or fact and simplify the action sought to be stayed, the "burden of making out the justice and wisdom of a departure from the beaten track lay[s] heavily on the . . . suppliants for relief, and discretion [is] abused if the stay [is] not kept within the bounds of moderation." *Id.* at 256. Accordingly, to warrant a stay of even modest duration, the moving party must "make out a clear case of hardship or inequity." *Landis*, 299 U.S. at 255. Defendant argues that "a failure to stay the case will force the defendant to participate in a potentially unnecessary proceeding, and, thereby, incur unnecessary expenses." MTD at 16. "[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005). Without more, Defendant has not made out "a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255.

Accordingly, Defendant's Motion to Stay is **DENIED**.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant's Motion.  Specifically, the Court **DENIES** Defendant's Motion to Dismiss for lack of personal jurisdiction, **DENIES** Defendant's Motion to Strike, and **DENIES** Defendant's Motion to Stay.

**IT IS SO ORDERED.**

Dated: November 2, 2020

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge