SEYFARTH SHAW LLP
Robert B. Milligan (SBN 217348)
*rmilligan@seyfarth.com*
D. Joshua Salinas (SBN 282065)
*jsalinas@seyfarth.com*
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:  (310) 277-7200
Facsimile:  (310) 201-5219

WINSTON & STRAWN LLP
Daniel M. Blouin (admitted pro hac vice)
35 West Wacker Drive, Suite 4700
Chicago, Illinois 60601
(312) 558-5600
(312) 558-5700 (fax)
DBlouin@winston.com

Attorneys for Defendants
7-ELEVEN, INC.

LAW OFFICES OF DOUGLAS J. CAMPION, APC
Douglas J. Campion (SBN 75381)
16855 W. Bernardo Dr., Suite 255
San Diego, CA 92127
doug@djcampion.com
Telephone: (619) 299-2091
Facsimile:  (619) 858-0034

*Attorneys for Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

KARLA Y. SOUSA, on behalf of herself and all others similarly situated,

       Plaintiff,

   v.

7-Eleven, Inc.,

       Defendant.

Case No. 3:19-cv-02142-JLS-BLM

**JOINT MOTION TO DISMISS ACTION PURSUANT TO RULE 41(A) ; DECLARATION OF DOUGLAS J. CAMPION IN SUPPORT THEREOF**

Complaint Filed:    Nov. 6, 2019
Trial Date:         Not Set

**TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiffs Karla Y. Sousa, Nancy Levine, Patrick Grannan, and Christian Betancourt (collectively, "Plaintiffs") and Defendant 7-Eleven, Inc. ("Defendant") (collectively, the "Parties") hereby file this Joint Motion to Dismiss Plaintiffs' individual claims pursuant to Fed.R.Civ.P. Rule 41(a)(1)(A)(ii).

The Parties seek by this Joint Motion to dismiss Plaintiffs' individual claims with prejudice. Because there has been no class certification nor any request for certifying a settlement class, no Court order is required for dismissal of the class claims under FRCP Rule 23( e). Those class claims are deemed to be dismissed without prejudice because "no certified class claims having come into existence, any dismissal will not affect putative class members' claims". *Richey v. GetWellNetwork, Inc.,* 2021 WL 424281 (Feb. 8, 2021) *3 (S.D.Cal. Feb. 8, 2021); *Lee v. CVS Pharmacy, Inc.*, 2021 WL 308283, at *3 (S.D.Cal. Jan. 28, 2021); *see also* MOORE's FEDERAL PRACTICE 3d, Section 23.64[2][a], pp. 23-316: - 23-316:17 (2007))("... prior to certification, the named plaintiffs may dismiss class claims without approval.... Rule 23(e) does not provide the district court with any supervisory authority over such dismissals, nor does it require notice to the absent class members").

WHEREAS, Plaintiffs herein filed their original complaint on November 6, 2019 and their First Amended Complaint on March 8, 2021; (Declaration of Douglas J. Campion ("Campion Decl."), ¶¶ 2, 4);

WHEREAS, Defendant filed its answer to the original complaint on November 16, 2020 (Campion Decl. ¶ 3);

WHEREAS, on March 22, 2021, Defendant filed a Motion to Compel Arbitration and Dismiss or Stay Action (Dkt. 30) which has a current hearing date of September 22, 2021 (Campion Decl. ¶5);

WHEREAS, this is an action alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq* by Defendant sending text messages to Plaintiffs and the putative class (Campion Decl. ¶6);

WHEREAS, recently the U.S. Supreme Court decided the case of *Facebook, Inc. v. Duguid, et al*., 141 S.Ct. 1163 (April 1, 2021) wherein the Court clarified the definition of an "automatic telephone dialing system" ("ATDS") under the 47 U.S.C. § 227(a)(1) of the TCPA and resolved conflicts between the Circuits on that issue. The Court narrowed the definition, abrogating the holding by the 9th Circuit in *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041 (C.A. 2018) (Campion Decl. ¶7);

WHEREAS, Defendant contends that the two ATDS used in sending the text messages at issue in this case are exempt from liability under the *Facebook* holding and requested that Plaintiffs dismiss this case (Campion Decl. ¶8);

WHEREAS, Plaintiffs' counsel has worked for approximately three months with his technical consultant and with defense counsel to independently confirm whether the ATDS systems used by Defendant are exempt from liability under the *Facebook* case (Campion Decl. ¶9);

WHEREAS, Plaintiffs' counsel has had his technical consultant investigate the general types of ATDS systems that were used by Defendant, and has propounded questions developed by his consultant, directed to the ATDS operators through defense counsel about the systems used (Campion Decl. ¶10);

WHEREAS, after receiving and reviewing the information provided by the operators of the ATDS systems as requested by Plaintiffs' counsel and his consultant, Plaintiffs' counsel and his consultant have concluded the ATDS systems used by Defendant in fact are of a type that would be exempt from liability under the *Facebook* case, should this case go forward (Campion Decl. ¶11);

THEREFORE, for purposes of judicial economy, the Parties hereto enter into the following stipulation / joint motion:

/ / /

1.      The individual claims of the named plaintiffs Karla Y. Sousa, Nancy Levine, Patrick Grannan, and Christian Betancourt are hereby dismissed with prejudice pursuant to FRCP 41 (a)(1)A)(ii);

2.      The class claims are dismissed without prejudice; and

3.      Both sides shall be responsible for their own costs and attorneys' fees.

IT IS SO STIPULATED.

DATED: July 6, 2021                     SEYFARTH SHAW LLP

By:   */s/ D. Joshua Salinas*
       Robert B. Milligan
       D. Joshua Salinas

WINSTON & STRAWN LLP

By:   */s/ Daniel M. Blouin*
       Daniel M. Blouin (admitted pro hac vice)

Attorneys for Defendant 7-ELEVEN, INC.

DATED: July 6, 2021                     LAW OFFICES OF DOUGLAS J. CAMPION, APC

By:   *s/ Douglas J. Campion*
Douglas J. Campion

Attorneys for Plaintiffs and the Proposed Class

## SIGNATURE CERTIFICATION

Pursuant to Section 2(f)(4) of the electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to D. Joshua Salinas and Daniel M. Blouin, counsel for Defendant, and that I have obtained their authorization to affix their electronic signatures to this document.

DATED: July 6, 2021         By: *s/ Douglas J. Campion*
                        Douglas J. Campion

## **DECLARATION OF DOUGLAS J. CAMPION**

1.     I am an attorney licensed to practice before the Courts of the State of California and before this Court.  I am an attorney with the law firm the Law Offices of Douglas J. Campion, APC, attorneys of record for Plaintiffs herein. I have personal knowledge of the facts stated herein and, if called upon to do so, I could and would testify competently to those facts.

2.     On November 6, 2019, Plaintiff Sousa commenced this action by filing a putative class action in this Court (Dkt. 1).

3.     On November 16, 2020, Defendant filed its answer to Plaintiff's original Complaint (Dkt. 17).

4.     On March 8, 2021, Plaintiff Sousa filed a First Amended Complaint (Dkt. 29), adding three more named plaintiffs (i.e., Nancy Levine, Patrick Grannan, and Christian Betancourt).

5.     On March 22, 2021, Defendant filed a Motion to Compel  Arbitration and Dismiss or Stay Action (Dkt. 30), which is currently scheduled for hearing on September 22, 2021.

6.     This case alleges violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*  by Defendant sending text messages to Plaintiffs and the putative class.

7.     Recently the U.S. Supreme Court decided the case of *Facebook, Inc. v. Duguid, et al.*, 141 S.Ct. 1163 (April 1, 2021) wherein the Court clarified the definition of an "automatic telephone dialing system" ("ATDS") under 47 U.S.C. § 227(a)(1) of the TCPA and resolved conflicts between the Circuits on that issue.  The Court narrowed the definition, abrogating the holding by the 9th Circuit in *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041.

8.     Defendant contends that the two ATDS used in sending the text messages at issue in this case are exempt from liability under the *Facebook* holding and requested that Plaintiffs dismiss this case.

9.     I have personally worked for approximately three months with my technical consultant and with defense counsel to independently confirm whether the ATDS systems used by Defendant are exempt from liability under the *Facebook* case.

10.    I have had my technical consultant  investigate the general types of ATDS systems that were used by Defendant, and I have propounded questions developed by my consultant, directed to the ATDS operators through defense counsel  about the systems used.

11.    After receiving and reviewing the answers to the questions my consultant and I asked, and the information provided by the operators of the ATDS systems as my consultant and I requested, my consultant and I have concluded the ATDS systems used by Defendant in fact are of a type that would be exempt from liability under the *Facebook* case.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed this 6th day of July, 2021, at San Diego, California.

/s/ *Douglas J. Campion*
Douglas J. Campion